IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC, a
Michigan limited liability company and
INNOVATION VENTURES, LLC, a Michigan
limited liability company,

                         Plaintiffs,                     Case No.

v.                                          Hon.

GREEN PLANET, INC., a California
Corporation,

                         Defendant.

_____/

## COMPLAINT

Plaintiffs International IP Holdings, LLC ("IIPH") and Innovation Ventures, LLC, (collectively, "Plaintiffs"), by and through their counsel Oakland Law Group, PLLC, hereby file this Verified Complaint against Defendant Green Planet, Inc. ("Green Planet" or "Defendant"), and in support thereof state as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action in order to prevent consumer confusion in the marketplace and protect their valuable intellectual property assets associated with 5-HOUR ENERGY® branded products.

2.     Defendant, without authorization and with knowledge of Plaintiffs' prior rights, commenced use of confusingly similar trademarks, copyrights, and trade dress in connection with the same or virtually identical goods.

3.     Accordingly, this is an action for: trademark infringement in violation of sections 32 and 42 of the Lanham Act, 15 U.S.C. §1114 and §1125; false designation of origin and

description under section 43 of the Lanham Act, 15 U.S.C. §1125; dilution under section 43 of the Lanham Act, 15 U.S.C. §1125; copyright infringement in violation of 17 U.S.C. §501; and unfair, unconscionable, or deceptive methods, acts, or practices under the Michigan Consumer Protection Act, M.C.L. §445.903.

## PARTIES AND JURISDICTION

4.     Plaintiff International IP Holdings, LLC is a Michigan limited liability company located in Bloomfield Hills, Michigan.  IIPH is the owner of the intellectual property asserted against Defendant in this action.

5.     Plaintiff Innovation Ventures, LLC is a Michigan limited liability company with its principal place of business in Farmington Hills, Michigan.  Innovation Ventures is the worldwide, exclusive licensee of the intellectual property rights asserted against Defendant in this action.

6.     On information and belief, Defendant Green Planet is a California corporation with its principal place of business in Riverside, California.

7.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1332(a)(1).  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as questions of federal law have been presented under the Federal Lanham Act (15 U.S.C. § 1051 *et seq.*) and the U.S. Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*) This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400 in that a substantial part of the activities giving rise to the claims alleged herein occurred

in this District, including, on information and belief, Defendant's marketing and/or distributing infringing products in this District.

**FACTS COMMON TO ALL COUNTS**

**Plaintiffs and 5-HOUR ENERGY Trademarks, Copyright, and Trade Dress**

9.      IIPH is the owner of a family of trademarks (hereinafter "5-HOUR ENERGY Trademarks") that are used in connection with the marketing and sale of 5-HOUR ENERGY® branded products.   Many of the 5-HOUR ENERGY Trademarks have received federal registration, including, but not limited to, the following registrations (copies of the Certificates of Registration are attached hereto as **Exhibits A-F**):

| Mark | Registration No. | Registration Date | Goods |
|------|------------------|-------------------|-------|
| 5-HOUR ENERGY | 4,004,225 | Aug. 2, 2011 | (Class 5) Dietary supplements;<br><br>(Class 32) energy shots, namely, energy drinks |
| *5-hour ENERGY* | 4,104,670 | Feb. 28, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY* | 4,134,079 | May 1, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |
| *5-hour ENERGY* | 4,120,360 | April 3, 2012 | (Class 5) Dietary supplements;<br><br>(Class 32) Non-alcoholic drinks, namely, energy shots |

| | | | |
|---|---|---|---|
|  | 4,116,951 | Mar. 27, 2012 | (Class 5) Dietary supplements; (Class 32) Non-alcoholic drinks, namely, energy shots |
|  | 4,315,511 | April 9, 2013 | (Class 5) Dietary supplements; (Class 32) Non-alcoholic drinks, namely, energy shots |

10.     The foregoing trademark registrations are all current and in full force and effect, and are inherently distinctive or have become distinctive through acquisition of secondary meaning.   Additionally, the foregoing trademarks are famous marks as contemplated by 15 U.S.C. § 1125(c).

11.     Plaintiff Innovation Ventures is the exclusive licensee to the 5-HOUR ENERGY Trademarks.  Innovation Ventures uses the 5-HOUR ENERGY Trademarks in connection with advertising, distribution, and sale of various products including, 5-HOUR ENERGY® branded dietary supplements that are commonly categorized as "liquid energy shots" ("5-HOUR ENERGY Products").

12.     Innovation Ventures, LLC ("Innovation Ventures") has devoted a significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting its 5-HOUR ENERGY Products.

13.     The 5-HOUR ENERGY Products are extensively and widely advertised through various media, including network and cable television, radio, the Internet, and traditional print. Since their introduction, the 5-HOUR ENERGY Products have received extensive news coverage by national, regional, and local print and broadcast media.   Indeed, in 2009, Advertising Age Magazine recognized the 5-HOUR ENERGY Products as one of *America's Hottest Brands*.

14.     As a result of Plaintiffs' efforts, the 5-HOUR ENERGY Products have defined the liquid energy shot market and are known within the industry for being of the highest quality. As the best-known liquid energy shot, the 5-HOUR ENERGY Products are sold in over 100,000 locations throughout the United States.  Moreover, since its first sale in 2004, over 1.5 billion 5-HOUR ENERGY Products have been sold in the United States.

15.     As a result of the foregoing, Plaintiffs have built up and now own considerable goodwill in its distinctive and famous 5-HOUR ENERGY Trademarks.

16.     IIPH is the owner of United States Copyright Registration No. TX 6-833-514, effective March 27, 2008 for the work entitled, "Caution Label" (hereinafter referred to as the, "'Caution Label Registration")  A copy of the Certificate of Registration for the Caution Label is attached hereto as **Exhibit G**.

17.      Innovation Ventures is the exclusive licensee to the Caution Label Registration and publishes this work (or a derivative thereof) on and/or in connection with the advertising and marketing of 5-HOUR ENERGY Products, namely liquid energy shots.

18.     In connection with the advertising and sale of its 5-HOUR ENERGY Products, namely liquid energy shots, Innovation Ventures adopted a unique font style and arrangement, coloring and artwork that create a distinctive visual impression (hereinafter referred to as "5-

5

HOUR ENERGY Trade Dress"). The 5-HOUR ENERGY Trade Dress is widely recognized among consumers. Examples of the 5-HOUR ENERGY Trade Dress are shown below:



19.     As a result of the continuous use, ubiquitous promotion, and extensive sales of the 5-HOUR ENERGY Trademarks by Innovation Ventures, their authorized distributors and dealers throughout the world, the 5-HOUR ENERGY Trademarks and the 5-HOUR ENERGY Trade Dress enjoy substantial recognition and fame throughout the country and are recognized by the public as emanating from Plaintiffs.

## **Defendant's Infringing Conduct**

20.     Upon information and belief, Defendant Green Planet markets, manufactures, distributes and/or sells liquid energy shots.

21.     Defendant's liquid energy shots are marketed and sold in interstate commerce throughout the United States using packaging and labels containing the stylized phrase "8 HR BUZZ" (hereinafter "8 HR BUZZ Products").

22.     Defendant's 8 HR BUZZ Products and Plaintiffs' 5-HOUR ENERGY Products are directly competitive products that are advertised and sold a across the United States within the identical channels of trade.

23.     Rather than engage in fair competition in the marketplace and allow consumers to exercise their own choice, Defendant resorts to promoting its 8 HR BUZZ Products using trademarks and trade dress that are confusingly similar to Plaintiffs' 5-HOUR ENERGY

Trademarks, 5-HOUR ENERGY Trade Dress, and Caution Label Registration.  A side-by-side comparison of Plaintiffs' copyright registration and the text used on Defendant's 8 HR BUZZ Product is illustrated below:

| PLAINTIFFS' | DEFENDANT'S |
|---|---|
| CAUTION: Contains about as much caffeine as a cup of coffee.  Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes.  This is cause by Niacin (Vitamin B3) increasing blood flow near the skin. | CAUTION: Contains as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, restlessness, and occasionally rapid heartbeat. You may experience a Niacin flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin. |

24.     Defendant, with constructive and actual notice of Plaintiffs' federal and long-established rights, adopted and used trademarks with the intent to misrepresent and confuse consumers regarding the source of Defendant's goods.   For example, the following is a side-by-side comparison of Defendant's 8 HR BUZZ mark next to Plaintiffs' marks:

**Plaintiffs' 5-HOUR ENERGY Trademarks**          **Defendant's Mark**

     

25.     Subsequent to Innovation Ventures' adoption and use of the 5-HOUR ENERGY Trade Dress, Defendant, with actual and constructive notice, adopted and used similar packaging intended to mimic Plaintiffs' and create consumer confusion. A side-by-side comparison of Defendant's 8 HR BUZZ Product and trade dress and the 5-HOUR ENERGY Trade Dress is illustrated below:

**Plaintiffs' 5-HOUR ENERGY Trade Dress**     **Defendant's 8 HR BUZZ Product**

 

 

 

26.     Defendant has no consent, license, approval or other authorization to use the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress, Caution Label Registration or confusingly similar or colorable imitation thereof in connection with any of its products, let alone a directly competing liquid energy shot.

27.     Defendant's use of the famous 5-HOUR ENERGY Trademarks and 5-HOUR ENERGY Trade Dress shows the willful intent of the Defendant to misrepresent the source of Defendant's goods so as to create confusion, mistake or to deceive as to Defendant's connection or association with Plaintiffs and the source and/or sponsorship of Defendant's products.

## COUNT I –
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

28.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

29.     The 5-HOUR ENERGY Trademarks are owned by Plaintiff IIPH, duly registered before the United States Patent and Trademark Office, valid and in full force and effect.

30.     The above-described acts and conduct of Defendant constitutes willful infringement of Plaintiffs' exclusive rights in the 5-HOUR ENERGY Trademarks and are in violation of the federal trademark laws, including § 32 of the Trademark Act of 1946, as amended (15 U.S.C. § 1114(a)).

31.     Defendants' use of the 5-HOUR ENERGY Trademarks, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendant's products and services.  Defendant has used the 5-HOUR ENERGY Trademarks in connection with their products and services with the knowledge that the marks are confusingly

similar and with the intent to cause confusion.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

32.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered irreparable harm to the valuable 5-HOUR ENERGY Trademarks and their reputation in the industry.  Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to its proprietary rights, established goodwill and business reputation.  The wrongful acts by Defendant have caused, and unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, and to customers of Plaintiffs.

## COUNT II --
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(c), DILUTION

33.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

34.     Plaintiffs bring the following claim under the Federal Anti-Dilution Statute pursuant 15 U.S.C. § 1125(c).

35.     The 5-HOUR ENERGY Trademarks are owned by Plaintiff IIPH, duly registered before the United States Patent and Trademark Office, valid and in full force and effect.

36.     As a result of Plaintiffs continuous promotion of its goods in conjunction with its trademarks, the 5-HOUR ENERGY Trademarks described above have become recognized as famous marks.

37.     Defendant's advertisement, marketing, promotion, distribution, offer for sale and sale of the competing products using Plaintiffs' 5-HOUR ENERGY Trademarks (or confusingly similar mark) began after Plaintiffs' Trademarks were used in commerce and became famous.

Defendant's conduct has caused and/or is likely to cause dilution of the distinctive quality of the 5-HOUR ENERGY Trademarks resulting in and/or likely to result in injury to Plaintiffs pursuant to 15 U.S.C. § 1125(c).

38.      Defendant has willfully intended to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' 5-HOUR ENERGY Trademarks.

39.      Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendant's profits received as a result of the infringement pursuant 15 U.S.C. § 1117(a).

40.      On information and belief, Defendant derives and/or has derived financial benefit, gains, profits and advantages as a result of its federal trademark dilution in an amount thus far not determined.  Plaintiffs have incurred damages caused by Defendant's unlawful activity.

41.      Plaintiffs have no adequate remedy at law and are suffering and will continue to suffer irreparable harm if Defendant's acts of federal trademark dilution are not immediately enjoined.  Accordingly, in addition to monetary relief, Plaintiffs seek permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125.

**COUNT III –**
**COPYRIGHT INFRINGEMENT**

42.      Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

43.      The text of Plaintiffs' caution label text as set forth in U.S. Copyright Registration No. TX-7-515-262, as well as the selection, arrangement, and presentation of such text, are wholly original with Plaintiffs and constitute copyrightable subject matter under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

44.     Plaintiffs have complied in all respects with the law governing copyright and have secured the exclusive rights and privileges in and to the caution label text and have received from the Registrar of Copyrights a Certificate of Registration for same.

45.     Defendant Green Planet is and has been infringing on Plaintiffs' Caution Label Registration by copying, printing, publishing, marketing, distributing and selling products featuring a textual portion that is virtually identical to Plaintiffs' caution label text without any permission, license or other authorization from Plaintiffs.

46.     The products printed, published, marketed, distributed and/or sold by the Defendant utilize unauthorized copies of Plaintiffs' copyrighted work in violation of 17 U.S.C. § 106.  Plaintiffs' Caution Label Registration is infringed as demonstrated below:

| PLAINTIFFS' | DEFENDANT'S |
|---|---|
| CAUTION: Contains about as much caffeine as a cup of coffee.  Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat.  You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes.  This is cause by Niacin (Vitamin B3) increasing blood flow near the skin. | CAUTION: Contains as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, restlessness, and occasionally rapid heartbeat. You may experience a Niacin flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin. |

47.     As a direct and proximate result of Defendant's willful and unlawful activity, Plaintiffs have incurred damages in an amount thus far not determined.

48.     On information and belief, Defendant derives and/or has derived financial benefit, gains, profits and advantages as a result of its wrongful acts in an amount thus far not determined.

49.     In the alternative to recovering actual damages and profits under the Copyright Act and in addition to attorneys' fees, which are requested under this Act, Plaintiffs should be awarded the following statutory damages under 17 U.S.C. § 504(c): (a) Thirty Thousand Dollars

($30,000.00) pursuant to 17 U.S.C. § 504(c)(1) for infringement of the copyright-protected Caution Label; or (b) One Hundred Fifty Thousand Dollars ($150,000.00) pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of such copyrighted work.

50.     Plaintiffs have no adequate remedy at law and are suffering and will continue to suffer irreparable harm if Defendant's acts of copyright infringement are not enjoined. Accordingly, in addition to monetary relief, Plaintiffs seek permanent injunctive relief pursuant to 17 U.S.C. § 502.

**COUNT IV –**

**FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

51.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

52.     The above-described acts and conduct of Defendant violate § 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

53.     The 5-HOUR ENERGY Trademarks are owned by Plaintiff IIPH, duly registered before the United States Patent and Trademark Office, valid and in full force and effect.

54.     Defendant has knowingly used and continues to use in commerce the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress, or reproductions, copies or colorable imitations thereof, in connection with the products and services that Defendant manufactures, advertises, promotes, and sells.  Defendant has used the 5-HOUR ENERGY Trademarks and 5-HOUR ENERGY Trade Dress knowing that the marks used are confusingly similar and with the intent to cause confusion.  Defendant's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

55.     Defendant's use of the 5-HOUR ENERGY Trademarks and 5-HOUR ENERGY Trade Dress in commerce alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's liquid energy shots are likely to cause such people to believe in error that the 8 HR BUZZ Products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs or that Defendant is in some way affiliated with either Plaintiffs or with Plaintiffs' 5-HOUR ENERGY Products, namely, Plaintiff's liquid energy shots.

56.     Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods, and constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

57.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered irreparable harm to the valuable 5-HOUR ENERGY Trademarks and 5-HOUR ENERGY Trade Dress and their reputation in the industry and marketplace.  Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation.  Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, and to Plaintiffs' customers.

**COUNT V –**
**<u>COMMON LAW TRADEMARK INFRINGEMENT</u>**

58.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

59.     Plaintiffs were the first to use the 5-HOUR ENERGY Trademarks or any mark similar thereto in association with the sale of any product.  As a result of the continued sale by

14

Plaintiffs of 5-HOUR ENERGY Products bearing the 5-HOUR ENERGY Trademarks since approximately 2004, the 5-HOUR ENERGY Trademarks have become widely known, and Plaintiffs have become identified in the public mind as the manufacturer and/or licensor of the 5-HOUR ENERGY products, namely liquid energy shots.

60.     As a result of the experience, care, and service of Plaintiffs in producing 5-HOUR ENERGY Products, 5-HOUR ENERGY Products have become widely known and have acquired a reputation for quality.  As such, the 5-HOUR ENERGY Trademarks have become distinctive.

61.     Defendant, with knowledge of and with intentional disregard for Plaintiffs' rights, continues to advertise, promote and sell products using the 5-HOUR ENERGY Trademarks and confusing imitations thereof.  Such acts by the Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's products.

62.     Defendant's acts constitute willful infringement of Plaintiffs' exclusive rights in the 5-HOUR ENERGY Trademarks, in violation of the common law.  By reason of Defendant's actions, Plaintiffs have suffered irreparable harm to the valuable 5-HOUR ENERGY Trademarks.  Unless Defendant is restrained from further infringement of the 5-HOUR Trademarks, Plaintiffs will continue to suffer irreparable harm.

63.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered irreparable harm to the valuable 5-HOUR ENERGY Trademarks and their reputation in the industry. Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation.  Defendant's acts have caused and, unless this Court acts to

enjoin Defendant, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, and to Plaintiffs' customers.

## COUNT VI –
## COMMON LAW TRADE DRESS INFRINGEMENT

64.   Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

65.   Innovation Ventures was the first to use the 5-HOUR ENERGY Trade Dress or any mark similar thereto in association with the sale of any product.  As a result of the continued sale 5-HOUR ENERGY Products bearing the 5-HOUR ENERGY Trade Dress since approximately 2004, the 5-HOUR ENERGY Trade Dress has become widely known and Innovation Ventures has become identified in the public mind as the source of the products to which the 5-HOUR ENERGY Trade Dress is applied.

66.   As a result of the experience, care, and service of Innovation Ventures in producing 5-HOUR ENERGY® Products, 5-HOUR ENERGY® Products have become widely known and have acquired a worldwide reputation for quality, durability, and performance. Moreover, the 5-HOUR ENERGY Trade Dress has become associated with 5-HOUR ENERGY Products and has come to symbolize the reputation for quality and excellence of 5-HOUR ENERGY Products.  As such, the 5-HOUR ENERGY Trade Dress has become distinctive.

67.   Defendant, with knowledge of and with intentional disregard for Plaintiffs' rights, continues to advertise, promote and sell products and services using the 5-HOUR ENERGY Trade Dress and confusing imitations thereof.  Such acts by the Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's products and services.

68.     Defendant's acts constitute willful infringement of Innovation Ventures' exclusive rights in the 5-HOUR ENERGY Trade Dress, in violation of the common law.  By reason of Defendant's actions, Innovation Ventures, LLC has suffered irreparable harm to the valuable 5-HOUR ENERGY Trade Dress.   Unless Defendant is restrained from further infringement of the 5-HOUR ENERGY Trade Dress, Plaintiffs will continue to suffer irreparable harm.

69.     As a direct and proximate result of Defendant's conduct, Innovation Ventures has suffered irreparable harm to the valuable 5-HOUR ENERGY Trade Dress and their reputation in the industry. Innovation Ventures has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Innovation Ventures for the harm to their proprietary rights, established goodwill and business reputation.  Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, and to Innovation Ventures' customers.

**COUNT VII –**
**COMMON LAW UNFAIR COMPETITION**

70.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

71.     The above-described acts and conduct of Defendant constitute unfair competition arising under the common law of the State of Michigan.

72.     As a direct and proximate result of its unfair competition, Defendant has caused and will continue to cause damage and irreparable injury to Plaintiffs.

73.     On information and belief, the acts and conduct complained of herein have been committed intentionally, willfully, deliberately and/or in reckless disregard of Plaintiffs' legal rights.

74.     Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation.  Defendant's acts have caused and, unless this Court acts to enjoin Defendant, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, and to Plaintiffs' customers.

## COUNT VIII –
## MICHIGAN CONSUMER PROTECTION ACT

75.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs as if fully set forth herein.

76.     Defendant, by formulating, advertising, selling, distributing or otherwise placing the 8 HR BUZZ Product into the stream of commerce, as set forth above and below, engaged in unfair, unconscionable, or deceptive acts and practices in the conduct of trade or commerce in advertising and distribution of the 8 HR BUZZ Product in violation of Section 3 of the MCPA, MCL 445.903.

77.     Namely, Defendant used unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce, including:

(a)     Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of the 8 HR BUZZ Product;

(b)     Using deceptive representations or deceptive designations of geographic origin in connection with goods;

(c)      Representing that the Product has sponsorship, approval, characteristic, ingredients, uses, benefits or quantities that it does not have;

78.     Consumers have relied on such conduct and have caused irreparable harm to Plaintiffs thereby.

79.     As set forth in Section 11 of the MCPA, MCL 445.911, Plaintiffs seek actual money damages suffered by Defendant's actions, attorney fees and a judgment that Defendants actions are unlawful and permanently enjoining Defendants from continuing to engage in the methods, acts and practices which have been deemed unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, International IP Holdings, LLC and Innovation Ventures, LLC, pray for relief against Defendant Green Planet, Inc. as follows:

A.     Determinations that:

(i)      Defendant has willfully and deliberately violated 15 U.S.C. § 1114, that Plaintiffs have been damaged by such violation and that the Defendant is liable to Plaintiffs for such violation;

(ii)     Defendant has willfully and deliberately violated 15 U.S.C. § 1125(a), that Plaintiffs have been damaged by such violation and that the Defendant is liable to Plaintiffs for such violation;

(iii)    Defendant has willfully and deliberately violated 15 U.S.C. § 1125(c), that Plaintiffs have been damaged by such violation and that the Defendant is liable to Plaintiffs for such violation;

(iv)    Defendant has willfully and deliberately violated 17 U.S.C. § 106, that Plaintiffs have been damaged by such violation and that the Defendant is liable to Plaintiffs for such violation;

(v)     Defendant has committed common law trademark infringement, that Plaintiffs have been damaged by such infringement and that Defendant is liable to Plaintiffs for common law trademark infringement;

(vi)    Defendant has committed common law unfair competition, that Plaintiffs have been damaged by such unfair competition and that Defendant is liable to Plaintiffs for common law unfair competition;

(vii)   this case is "exceptional," in the sense of 15 U.S.C. § 1117(a); and

(viii)  Defendants actions are unlawful and enjoining Defendants from continuing to engage in the methods, acts and practices which have been deemed unlawful.

B.      Under all claims for relief, that injunction be temporarily, preliminarily and permanently issued enjoining Defendant, its agents, officers, directors, employees, attorneys, privies, successors and assigns, and all those acting for, on behalf of, in active concert or participation with them, and each of them who receives notice directly or otherwise of such injunctions from:

(i)     imitating, copying, or making any unauthorized use of the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress and Caution Label Registration;

(ii)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, copy or colorable imitation of the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress and Caution Label Registration;

    (iii)     using any simulation, reproduction, copy, or colorable imitation of the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress, and Caution Label Registration in connection with the promotion, advertising or distribution of any product or service;

    (iv)     using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress and Caution Label Registration or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated or connected with Plaintiffs, the 5-HOUR ENERGY Products, or the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress or Caution Label Registration, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs; and

    (v)     falsely advertising the efficacy of its products, or performing any act that would mislead consumers about the efficacy of Defendant's products.

C.    For an Order:

    (i)     directing that Defendant delivers for destruction all products, labels, tags, signs, prints, packages, videos and advertisements in its possession or under its control, bearing or using the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress, Caution Label Registration, or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same;

(ii)     directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by Plaintiffs or related in any way to 5-HOUR ENERGY Products;

(iii)    requiring Defendant to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendant through the use of the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade Dress, Caution Label Registration and any simulation, reproduction, copy or colorable imitation thereof;

(iv)     directing the Defendant and its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, to file with this Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment; and

(v)      permitting Plaintiffs, and/or auditors of Plaintiffs, to audit and inspect the books, records, and premises of the Defendant and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of Plaintiffs' intellectual property, including all manufacturing, distribution, and sales of products bearing the 5-HOUR ENERGY Trademarks, 5-HOUR ENERGY Trade

Dress, Caution Label Registration, as well as the Defendant's compliance with the Order of this Court;

D.      For an award of Plaintiffs' damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus Plaintiffs' costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

E.      For an award of Plaintiffs' damages that Plaintiffs have sustained as a consequence of Defendant's copyright infringement and to account for all gains, profits and advantages derived by Defendant by the infringement of Plaintiffs' copyright or, as an alternative to recovering actual damages and any additional profits under the Copyright Act, awarding Defendant to pay Plaintiffs the statutory damages thereunder for Plaintiffs' copyrighted work infringed by the Defendant;

F.      For an increased award of statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

G.      For an award of Plaintiffs' reasonable attorneys' and investigators' fees  in accordance with 17 U.S.C. § 505;

H.      For an award of Plaintiffs' reasonable attorneys' fees in accordance with MCL 445.911.

I.      For an award of Plaintiffs' costs and disbursements incurred in this action, including Plaintiffs' reasonable attorneys' fees;

J.      For an award of any other damages incurred by Plaintiffs' arising out of Defendant's acts;

K.      For an award of interest, including pre-judgment interest on the foregoing sums; and

L.      For such other and further relief as the Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable herein.


Respectfully submitted,

Dated: September 16, 2013                        OAKLAND LAW GROUP, PLLC

By:     */s/ Darin LeBeau*
        Darin J. LeBeau (P54875)
        David J. Gentile (P62171)
        Attorneys for Plaintiffs
        38955 Hills Tech Drive
        Farmington Hills, Michigan 48331
        Tel. (248) 586-0806
        Fax (248) 536-1858
        darin@oaklandlawgroup.com
        dgentile@oaklandlawgroup.com