## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS,
LLC, a Michigan limited liability
company and INNOVATION
VENTURES, LLC, a Michigan limited
liability company,

            Plaintiffs,

                                 Case No. 2:13-cv-13988-RHC-PJK

v.                                     Hon. Robert H. Cleland

GREEN PLANET, INC., a California
Corporation,

            Defendant.

_____/

## ORDER RELATING TO THE DISCOVERY OF
## ELECTRONICALLY STORED INFORMATION

### 1.01  Purpose

      The purpose of these Principles is to assist courts in the administration of

Federal Rule of Civil Procedure 1, to secure the just, speedy, and inexpensive

determination of every civil case, and to promote, whenever possible, the early

resolution of disputes regarding the discovery of electronically stored information

("ESI") without Court intervention. Understanding of the feasibility, reasonableness,

costs, and benefits of various aspects of electronic discovery will inevitably evolve as judges, attorneys, and parties to litigation gain more experience with ESI and as technology advances.

**1.02   Cooperation**

An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

**1.03   Discovery Proportionality**

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable. Where the discovery request is potentially burdensome to the responding party, the parties should consider options such as staging discovery and sampling, in an attempt to reduce the costs of production. If the discovery request seeks marginally relevant information, the requesting party should expect some cost shifting to be imposed by the Court in the absence of an agreement between the parties.

2

**2.10   Duty to Meet and Confer on Discovery and to Identify Disputes for Early Resolution**

(a)      Prior to the initial status conference with the Court, counsel shall meet and discuss the application of the discovery process set forth in the Federal Rules of Civil Procedure and these Principles to their specific case.  Among the issues to be discussed are:

(1)    the identification of relevant and discoverable ESI and documents, including methods for identifying an initial subset of sources of ESI and documents that are most likely to contain the relevant and discoverable information as well as methodologies or culling the relevant and discoverable ESI and documents from that initial subset;

(2)    the scope of discoverable ESI and documents to be preserved by the parties;

(3)    the formats for preservation and production of ESI and documents;

(4)    the potential for conducting discovery in phases or stages as a method for reducing costs and burden; and

(5)    the potential need for a protective order and any procedures to

which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence.

(b)     Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court at the initial status conference, Fed. R. Civ. P. 16(b) Scheduling Conference, or as soon as possible thereafter.

(c)     The attorneys for each party shall review and understand how their respective client's data is stored and retrieved before the meet and confer discussions in order to determine what issues must be addressed during the meet and confer discussions.

(d)     If the Court determines that any counsel or party in a case has failed to cooperate and participate in good faith in the meet and confer process or is impeding the purpose of these Principles, the Court may require additional discussions prior to the commencement of discovery, and may impose sanctions, if appropriate.

## 2.02   E-Discovery Liaison(s)

In most cases, the meet and confer process will be aided by participation of an e-discovery liaison(s) as defined in this Principle.   In the event of a dispute concerning the preservation or production of ESI, each party shall designate an

4

individual(s) to act as e-discovery liaison(s) for purposes of meeting, conferring, and attending court hearings on the subject. Regardless of whether the e-discovery liaison(s) is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, the e-discovery liaison(s) must:

(a)     be prepared to participate in e-discovery dispute resolution;

(b)     be knowledgeable about the party's e-discovery efforts;

(c)      be, or have reasonable access to those who are, familiar with the party's electronic information storage systems and capabilities in order to explain those systems and capabilities and answer relevant questions; and

(d)      be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

## 2.03   Preservation Requests and Orders

(a)     Appropriate preservation requests and preservation orders further the goals of these Principles.  Vague and overly broad preservation requests do not further the goals of these Principles and are therefore disfavored. Vague and overly broad preservation orders should not be sought or entered. The information sought to be preserved through the use of a preservation letter request or order should be

5

reasonable in scope and mindful of the factors set forth in Rule 26(b)(2)(C).

(b)     To the extent counsel or a party requests preservation of ESI through the use of a preservation letter, such requests should attempt to ensure the preservation of relevant and discoverable information and to facilitate cooperation between requesting and receiving counsel and parties by transmitting specific and useful information. Examples of such specific and useful information include, but are not limited to:

(1)     names of the parties;

(2)     factual background of the potential legal claim(s) and identification of potential cause(s) of action;

(3)     names of potential witnesses and other people reasonably anticipated to have relevant evidence;

(4)     relevant time period; and

(5)     other information that may assist the responding party in assessing what information to preserve.

(c) If the recipient of a preservation request chooses to respond, that response should provide the requesting counsel or party with useful and specific information regarding the preservation efforts undertaken by the responding party. Examples of such useful and specific information include, but are not limited to,

6

information that:

> (1)    identifies what information the responding party is willing to preserve and the steps being taken in response to the preservation letter;

> (2)    identifies any disagreement(s) with the request to preserve; and

> (3)    identifies any further preservation issues that were not raised.

(d)    Nothing in these Principles shall be construed as requiring the sending of a preservation request or requiring the sending of a response to such a request.

## 2.04   Scope of Preservation

(a)    Every party to litigation and its counsel are responsible for taking reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody, or control.  Determining which steps are reasonable and proportionate in particular litigation is a fact specific inquiry that will vary from case to case. The parties and counsel should address preservation issues at the outset of a case, and should continue to address them as the case progresses and their understanding of the issues and the facts improves.

(b)    Discovery concerning the preservation and collection efforts of

another party may be appropriate but, if used unadvisedly, can also contribute to the unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter. Accordingly, prior to initiating such discovery a party shall confer with the party from whom the information is sought concerning: (i) the specific need for such discovery, including its relevance to issues likely to arise in the litigation; and (ii) the suitability of alternative means for obtaining the information. Nothing herein exempts deponents on merits issues from answering questions concerning the preservation and collection of their documents, ESI, and tangible things.

(c)     The parties and counsel should come to the meet and confer conference prepared to discuss the claims and defenses in the case including specific issues, time frame, potential damages, and targeted discovery that each anticipates requesting. In addition, the parties and counsel should be prepared to discuss reasonably foreseeable

preservation issues that relate directly to the information that the other party is seeking. The parties and counsel need not raise every conceivable issue that may arise concerning their preservation efforts; however, the identification of any such preservation issues should be specific.

(d)     The following categories of ESI generally are not discoverable in

8

most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer or as soon thereafter as practicable:

> (1)    "deleted," "slack," "fragmented," or "unallocated" data on hard drives;
>
> (2)    random access memory (RAM) or other ephemeral data;
>
> (3)    on-line access data such as temporary internet files, history, cache, cookies, etc;
>
> (4)    data in metadata fields that are frequently updated automatically, such as last-opened dates;
>
> (5)    backup data that is substantially duplicative of data that is more accessible elsewhere; and
>
> (6)    other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business

(e)    If there is a dispute concerning the scope of a party's preservation efforts, the parties or their counsel must meet and confer and fully explain their reasons for believing that additional efforts are, or are not, reasonable and

9

proportionate, pursuant to Rule 26(b)(2)(C).  If the parties are unable to resolve a preservation issue, then the issue should be raised promptly with the Court.

(f)      Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

(1)      from more than ten (10) key custodians;

(2)      that was created more than five (5) years before the filing of the lawsuit, except for responsive, non-privileged ESI that is related to use or ownership of Plaintiffs' trademarks and trade dress;

(3)      from sources that are not reasonably accessible without undue burden or cost; or

(4)      for more than 160 hours, exclusive of time spent reviewing the ESI determined to be responsive for privilege or work product protection, provided that the producing party can demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

10

**2.05   Identification of Electronically Stored Information**

(a)   At the Rule 26(f) conference or as soon thereafter as possible, counsel or the parties shall discuss potential methodologies for identifying ESI for production.

(b)   Topics for discussion may include, but are not limited to, any plans to:

> (1)   eliminate duplicative ESI and whether such elimination will occur only within each particular custodian's data set or whether it will occur across all custodians;

> (2)   filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and

> (3)   use keyword searching, mathematical, or thesaurus-based topic or concept clustering, or other advanced culling technologies.

**2.06   Production Format**

(a)   At the Rule 26(f) conference, counsel and the parties should make a good faith effort to agree on the format(s) for production of ESI (whether native or some other reasonably usable form). If counsel or the parties are unable to resolve a production format issue, then the issue should be raised promptly with the Court.

(b) The parties should confer on whether ESI stored in a database or a

discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

(c)     ESI and other tangible or hard copy documents that are not text-searchable need not be made text-searchable.

(d)     Generally, the requesting party is responsible for the incremental cost of creating its copy of requested information. Counsel or the parties are encouraged to discuss cost sharing for optical character recognition (OCR) or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each party.

## 3.01   Judicial Expectations of Counsel

Because discovery of ESI is being sought more frequently in civil litigation and the production and review of ESI can involve greater expense than discovery of paper documents, it is in the interest of justice that all judges, counsel, and parties to litigation become familiar with the fundamentals of discovery of ESI. It is expected by the judges adopting these Principles that all counsel will have done the following in connection with each litigation matter in which they file an appearance:

(1)     Familiarize themselves with the electronic discovery provisions of Federal Rules of Civil Procedure, including Rules 26,

12

33, 34, 37, and 45, as well as any applicable State Rules of Procedure;

(2)     Familiarize themselves with the Advisory Committee Report

on the 2006 Amendments to the Federal Rules of Civil Procedure,

available at:

http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/EDiscover

y_w_Notes.pdf; and

(3)     Familiarize themselves with these Principles.

## 3.02    Duty of Continuing Education

Judges, attorneys, and parties to litigation should continue to educate themselves on electronic discovery by consulting applicable case law, pertinent statutes, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Sedona Conference® publications relating to electronic discovery[1], additional materials available on web sites of the courts[2], and of other organizations[3] providing education information regarding the discovery of ESI[4].

## 3.03    Non-Waiver of Attorney-Client Privilege or Work Product Protection

As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially ESI, may be

---

[1] www.thesedonaconference.org/
[2] E.g., www.ilnd.uscourts.gov/home/
[3] E.g., www.discoverypilot.com, www.fjc.gov (Under Educational Programs and materials)
[4] E.g., www.du.edu.legalinstitute

13

reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney-client privileged or work product-protected.

### 3.04   Discovery From Nonparties

Parties issuing requests for ESI from nonparties should attempt to informally meet and confer with the nonparty (or counsel, if represented). During this meeting, counsel should discuss the same issues with regard to requests for ESI that they would with opposing counsel as set forth above. If an agreement cannot be reached with the nonparty, the standards outlined above will apply generally to the discovery of ESI sought pursuant to Rule 45.

### 3.05  Additional ESI Specifications

The parties will submit a Stipulated Discovery Plan relating to ESI review and production on a future date, which will be determined by the Court.


**Dated: January 31, 2014**             **s/Robert H. Cleland**
                                        Hon. Robert H. Cleland

Agreed as to form:


OAKLAND LAW GROUP, PLLC          RIVENOAK LAW GROUP, P.C.


s/Mr. Darin J. LeBeau            s/Catherine T. Dobrowitsky(with
38955 Hills Tech Dr.             permission)
Farmington Hills, MI 48331       101 W. Big Beaver Rd., Suite 1400
(248) 560-0198                   Troy, MI 48084
darin@oaklandlawgroup.com        (248) 677-1045
P54875                           ctd@rivenoaklaw.com
                                 P63245

Attorneys for Plaintiffs
INT'L. IP HOLDINGS, LLC *et al.* Attorneys for Defendant,
                                  GREEN PLANET, INC.


                                 LAUSON & TARVER, LLP
                                 *Robert J. Lauson*
                                 880 Apollo St., Suite 301
                                 El Segundo, CA 90245
                                 (310) 726-0892
                                 bob@lauson.com

15

1