# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC, and
INNOVATION VENTURES, LLC,

    Plaintiffs,

v.                                            Case No. 13-13988

GREEN PLANET, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

On September 17, 2013, Plaintiffs International IP Holdings, LLC and Innovation Ventures, LLC filed a complaint against Defendant Green Planet, Inc., alleging that Defendant's product, "8 HR BUZZ," infringed on Plaintiffs' trademarks for "5-hour ENERGY." After discussion with the parties, the court suspended formal discovery pending resolution of Defendant's motion for summary judgment. The motion is fully briefed and is now pending before the court.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment, therefore, is not appropriate when "the evidence

presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

This case focuses on the likelihood-of-confusion test, which is used to decide "whether there has been trademark infringement, unfair competition, or false designation of origin," as well as whether there has been unfair competition under Michigan common law and the Michigan Consumer Protection Act. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1104–05 (6th Cir. 1991); *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983). There are eight factors for the court to consider when ascertaining whether a likelihood of confusion exists:

> (1) the strength of the plaintiff's mark, (2) the relatedness of the goods or services offered by the plaintiff and the defendant, (3) the similarity of the marks, (4) any evidence of actual confusion, (5) the marketing channels used by the parties, (6) the probable degree of purchaser care and sophistication, (7) the defendant's intent in selecting its mark, and (8) the likelihood of either party expanding its product line using the marks.

*Therma-Scan, Inc. v. Thermoscan*, Inc., 295 F.3d 623, 630 (6th Cir. 2002).

After reviewing Defendant's motion, and the related briefing, it is clear that there are factual disputes between the parties regarding the likelihood-of-confusion test that preclude summary judgment at this time. Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 23] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties will submit an agreed-upon plan for targeted discovery into the likelihood-of-confusion factors by **April 25, 2014.** The court anticipates that this plan will propose a discovery cut-off of approximately **August 29, 2014.**

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522