# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS,
LLC, a Michigan limited liability
company and INNOVATION
VENTURES, LLC, a Michigan limited
liability company,

Case No. 2:13-cv-13988-RHC-PJK
Hon. Robert H. Cleland
Magistrate Paul J. Komives

    Plaintiffs,

v.

    ***STIPULATED***
    ***CONFIDENTIALITY***
GREEN PLANET, INC.,   ***PROTECTIVE ORDER***
a California Corporation,

    Defendant.

_____/

  **IT IS HEREBY STIPULATED AND AGREED** by and between
Plaintiffs, on the one hand, and Defendant, on the other hand, that the parties hereto
seek certain documents and/or information that a party may claim contains and/or
constitutes proprietary and/or confidential business information, information subject
to a legally protected right or right of privacy, financial and/or personal information,
or other confidential information, but otherwise may be relevant or reasonably
calculated to lead to the discovery of admissible evidence and therefore a protective
order is appropriate, and that the following Protective Order be entered pursuant to
MCR 2.302(c), subject to the approval of the Court.

**IT IS HEREBY AGREED AND ORDERED THAT:**

1.        **"Confidential" Information.**

A party ("party") may designate as "**Confidential**" those materials, whether in written, oral, electronic, graphic, audiovisual, or any other form, that the designating party believes, in good faith, contain information that is (a) the designating party's confidential, sensitive, or competitive information, or potentially invasive of the designating party's privacy interests, (b) not generally known, and (c) not made available to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

2.        **Effect of Order and Designation of "Confidential."**

The entry of this Order does not constitute an admission, agreement, finding or ruling that any information designated as **Confidential** is subject to discovery or is admissible as evidence in this case.  Nothing in this Order shall diminish, eliminate, or otherwise affect any claim or position that any party may assert, or has asserted, in this case.   Further, nothing in this Order shall modify, diminish, eliminate or otherwise affect any previous orders entered by the Court.   The designation as **Confidential**, and/or the failure of any party to challenge such a designation by another party, shall have no meaning or effect whatsoever with respect to the substantive issues in this litigation, or with respect to the claims or defenses of any

party, and shall not be construed as an admission or agreement that any specific information is or is not confidential and/or proprietary and/or does or does not constitute a party's confidential and/or legally protectable information.

    3.   **Scope of Order.**

        a.      Information to be covered by this Stipulated Protective Order shall include information designated as **Confidential**, as defined above, that has been or is set forth, revealed, or provided: (a) in response to any discovery requests; (b) in any documents, things, or premises made available for inspection or produced to the discovering party in response to any discovery requests or in response to any subpoena; (c) during depositions upon oral or written examination; (d) in connection with any other discovery taken in this action, whether pursuant to the Michigan Court Rules, informally, or by agreement; (e) in, or accompanying correspondence to the receiving party; (f) in submissions to, or before the Court, including testimony, briefs, exhibits, and declarations; (g) in response to any Order of the Court; and (h) in any documents, data, files, e-mails or other information of Plaintiffs that was received or obtained by Defendant.  The parties have agreed that proceedings and discovery to date shall also be governed by this Stipulated Protective Order, and therefore the parties have fourteen (14) days from its entry in which to designate such materials in accordance with this Stipulated Protective Order.

b.     Information to be covered by this Stipulated Protective Order also shall include privileged information, as discussed below.

4.     **Disclosure and Use of Confidential Information.**

Subject to Section 15, information designated as **Confidential** shall be disclosed only to the following persons and used only for the litigation of this action:

a.     outside counsel retained by the respective parties to this litigation;

b.     in house counsel and their respective secretarial, clerical and paralegal personnel, but only after compliance with the provisions of Section 6 below;

c.     party representatives and their respective secretarial, clerical and paralegal personnel, but only after compliance with the provisions of Section 6 below;

d.     employees of outside counsel and outside copy services, couriers, etc.;

e.     outside experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who are engaged for the purpose of this action by the party in possession of such information and their support personnel, but only after compliance with the provisions of Section 6 below;

4

      f.      any persons identified on the face of such document as authors or recipients;

      g.      the Court, Court personnel, the jury, and court reporters; and

      h.      stenographic reporter taking testimony in connection with the litigation.

5.      **Highly Confidential – For Attorneys' Eyes Only** – A producing person may designate materials and/or information as "**Highly Confidential – For Attorneys' Eyes Only**" if that producing person believes in good faith the material or information contains extremely sensitive confidential information, including but not limited to commercial information; pricing, cost, or marketing information relating to the producing person or the producing person's commercial products or planned commercial products; or technical and research information or product formula information that is extremely sensitive.  None of the materials, nor any copies or extracts of any materials designated as **Highly Confidential – For Attorneys' Eyes Only** may be provided or sent (whether electronically or otherwise) to a party but shall be provided to the parties' counsel of record only.

6.      **Handling of Confidential Materials.**

Any person in possession of materials designated as **Confidential** or **Highly Confidential** shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.

7.    **Undertaking.**

a.    A party desiring to disclose information designated as **Confidential** to a person under Section 4(b), (c) or (e) herein, shall first have such person sign an undertaking in the form attached as Exhibit A, a copy of which shall be provided to all parties prior to any disclosure of such information to a designee. In addition to the foregoing, if a party wishes to disclose information designated as **Confidential** to any expert or consultant under Section 4(e), such party shall first give written notice to the party whose information it desires to disclose, who shall have ten (10) business days after such notice is received to object in writing. The notice also shall include a current *curriculum vitae* showing employment/consulting history, publications, and prior testimony.

Any objection under this section shall be made in good faith and on reasonable grounds. Should the parties be unable to resolve the objection, the objecting party may raise this matter with the Court and request an Order restricting such individual's access to the objecting party's **Confidential** designated information. Failure to object within ten (10) business days of receiving notice, or failure to raise this matter with the Court within twenty (20) business days after it is determined that the objection cannot be resolved shall be deemed approval, and such person shall thereafter be qualified to have access to the objecting party's

**Confidential** designated information pursuant to the terms and conditions of this Order.

        b.    The proposing party shall not disclose the objecting party's information designated as **Confidential** to the proposed expert or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this section. No party shall use its right to object to a proposed designee to interfere with the ability of the other party to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld.

        c.    The administrative and clerical staff of an outside consultant or expert under Section 4(e) shall be deemed to have signed the undertaking in the form of Exhibit A when the outside expert or consultant supervising such individuals has executed the undertaking.

        8.    **Marking of Confidential Information.**

**Confidential** materials shall be marked "**Confidential – Subject to Protective Order**" on each page of each document so designated.

**Highly Confidential** materials shall be marked "**Highly Confidential – Attorneys' Eyes Only Subject to Protective Order**" on each page of each document so designated.

9.    **No Marking at Inspection.**

When files and records are produced for inspection, no marking need be made in advance of the inspection.  For purposes of the initial inspection, all documents in any produced files shall be considered marked as **Confidential.** Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

10.    **Deposition, Trial, or Other Testimony.**

If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript or portions therein may be designated as **Confidential** or **Highly Confidential** by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within twenty-one (21) days of receipt of the final transcript of the specific pages and lines of the transcript to be deemed **Confidential** or **Highly Confidential**. Such written notification shall specify the designation by page and line number. All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as **Confidential** until twenty-one (21) days after a final transcript of the deposition is received.  After such twenty-one (21) day period has expired and in the absence of any written notice deeming specific portions

8

**Confidential** or **Highly Confidential**, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made then the transcript of testimony shall be treated as a public document.  Unless otherwise agreed to by the parties in writing or on the record, no individual not qualified hereunder to receive certain information shall be in attendance at that portion of a deposition during which such information is being testified to or produced by another party.  If a party wishes to use information designated as **Confidential** or **Highly Confidential** in a Motion, during a hearing or trial, such information shall be submitted under seal as set forth in Section 10, below.  The Court may then view and consider the information for the Motion and hearing on the Motion.

11.   **Sealing Procedures.**

If a document containing information designated as **Confidential** or **Highly Confidential** is filed with the Court, it shall be filed under seal in a sealed envelope with one of the following notations:

**FILED UNDER SEAL**

**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

12.   **Inadvertent or Unintentional Disclosure of Confidential Information by Producing Party.**

The inadvertent or unintentional disclosure by the producing party of

information designated as **Confidential** or **Highly Confidential**, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the disclosing party. Any such inadvertently or unintentionally disclosed information not designated as **Confidential** or **Highly Confidential** pursuant to Section 2 or 5, respectively, shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Within fourteen (14) days of such notice and receipt of substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed information. Unless the receiving party is opposing the return or destruction of such information, the receiving party also shall use good faith efforts to arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not

authorized to receive information designated as **Confidential** or **Highly Confidential** under this protective order. If the receiving party opposes the return or destruction of such information, it shall, after receiving notice from the producing party, nonetheless cease any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. Upon the re-designation of information under this section, whether by agreement of the parties or by Court order, said information shall thereafter be treated as designated by the producing party.

13.   **Inadvertent or Unintentional Disclosure of Confidential Information by Receiving Party.**

Should any information already designated **Confidential or Highly Confidential** be disclosed inadvertently or unintentionally by the other, non-designating party to any person not authorized to receive such information under this Stipulated Protective Order, such other, non-designating party shall use its best efforts to bind such person to the terms of this Order; and such other, non-designating party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately identify such person and the information disclosed to the party that designated the information as **Confidential** or **Highly Confidential**; (c) request such person to sign an undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents containing the inadvertently disclosed information. Should said unauthorized person refuse to keep such information

11

confidential and/or refuse to sign and abide by an undertaking in the form attached as Exhibit A, either party may immediately seek a Court Order requiring the unauthorized person to execute and abide by the undertaking in the form attached as Exhibit A.  The executed undertaking shall be provided promptly to the party that designated the document or information as **Confidential** or **Highly Confidential**.

14.   **Inadvertent or Unintentional Disclosure of Privileged Information.**

In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity, such party shall promptly give written notice to the requesting party upon discovering such inadvertent disclosure.  Immediately upon receiving such notice, outside counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved either by agreement of the parties or by Court order.  If the parties are unable to reach a satisfactory agreement as to the return, destruction, or use of such documents within fourteen (14) days of such notice, the producing party may, within fourteen (14) days thereafter, request that the Court resolve the matter and order appropriate relief. The period of time that elapses while a party follows the procedures set forth in this section for resolving any inadvertent disclosure dispute shall not be considered

as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the disclosing party regarding the inadvertently produced document or information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission under seal to the Court when challenging the privilege or immunity claimed by the disclosing party.

15.    **Challenges to Designation.**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  A party may apply to the Court for an order that information labeled **Confidential** or **Highly Confidential** should not be designated as such. Prior to so applying, the party seeking to challenge the designation of information shall seek the designating party's agreement.  If the parties cannot agree on the appropriate classification of the information in question, the party seeking declassification may request the Court for such declassification.

16.    **Third Party Subpoenas or Demands.**

If any non-designating party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with

any other legal process by one not a party to this action, seeking information which was produced or designated as **Confidential** or **Highly Confidential**, the non-designating party shall transmit a copy of such subpoena, demand, or legal process, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand or legal process, to those who designated the material and shall reasonably cooperate with the designating party in preparing timely objections to its production. Should the person seeking access to the **Confidential** or **Highly Confidential** information take action against the non-designating party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the non-designating party shall respond by setting forth the existence of this Order.  Nothing herein shall be construed as requiring the non-designating party or anyone else covered by this Order to challenge or appeal any order requiring production of **Confidential** or **Highly Confidential** information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

17.  **Use of Independently Obtained, Unrestricted, Public, and/or Produced Information.**

This Stipulated Protective Order shall not apply to information which (a) is or becomes publicly available through no breach of the provisions of this Stipulated Protective Order or other obligation not to disclose, or to keep such information confidential, (b) is independently developed or known by the non-

14

designating party without access to the **Confidential** or **Highly Confidential** information disclosed hereunder, or (c) is disclosed to the non-designating party by a third party without restriction as to disclosure, provided such third party has the right to make the unrestricted disclosure to the non-designating party.

18. **Return or Destruction Upon Termination of Action.**

Upon termination of this action, all copies of documents containing **Confidential** or **Highly Confidential** information shall be returned to the designating party or destroyed, except that outside counsel may retain one archival copy of all attorney work product, correspondence, deposition transcripts and exhibits, papers filed with the Court and exhibits, and discovery responses, but not document production, exchanged by the parties.   All parties shall certify compliance with this paragraph in writing within ninety (90) days of termination of this action.

19. **Survival of Litigation.**

This Stipulated Protective Order shall survive the termination of this litigation.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order, including dissolution, as may be appropriate.

20. **Modifications to Protective Order.**

Any party may, on motion or other request to the Court and for good cause shown, seek a modification or dissolution of this Stipulated Protective Order and, by its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to modifications or dissolution later sought by such party.

**IT IS SO ORDERED.**

s/Robert H. Cleland
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2014

STIPULATED AS TO FORM AND CONTENT:

Darin J. Lebeau (P54875)
Jessica G. Kingston (P74417)
OAKLAND LAW GROUP, PLLC
38955 Hills Tech Drive
Farmington Hills, MI 48331
Telephone:  (248) 560-0198
darin@oaklandlawgroup.com
jkingston@oaklandlawgroup.com
*Attorneys for Plaintiff*

George T. Schooff (P45596)
BEJIN, VANOPHEM & BIENEMAN,
PLC
300 River Place, Suite 1650
Detroit, MI 48207
Telephone: (313) 528-4882
schooff@bvbip.com
*Attorneys for Defendant*

16

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS,
LLC, a Michigan limited liability
company and INNOVATION
VENTURES, LLC, a Michigan limited
liability company,

                Plaintiffs,

v.

GREEN PLANET, INC.,
a California Corporation,

                Defendant.

Case No. 2:13-cv-13988-RHC-PJK
Hon. Robert H. Cleland
Magistrate Paul J. Komives

_____/

### RECEIPT OF CONFIDENTIAL INFORMATION

I, _____, declare that my
address is _____. My current employer is
_____. My current occupation is
_____.

I have received a copy of the Stipulated Protective Order in the above-
captioned action. I have carefully read and understand the provisions of the
Stipulated Protective Order. I will comply with all of the provisions of the
Stipulated Protective Order. I will hold in confidence, will not disclose to anyone

not qualified under the Stipulated Protective Order, and will use only for purposes of this action any information marked **CONFIDENTIAL** that is disclosed to me.

Promptly upon termination of this action, I will return or destroy all materials containing information marked **CONFIDENTIAL** that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____