UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC, *et al.*,

    Plaintiffs,

v.                                        Case No. 13-13988

GREEN PLANET, INC.,

    Defendant.
                                            /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

Pending before the court is a Motion to Compel (Dkt. # 60) filed by Defendant Green Planet Inc ("Green Planet") on January 29, 2015. The issue has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant Defendant's motion.

**I. BACKGROUND**

This case is a trademark dispute where Plaintiff International IP Holdings, LLC ("IIPH"), the owner of trademarks connected with "5 Hour Energy" liquid energy shots, alleges that Green Planet infringes on those trademarks by manufacturing "8 Hr. Buzz" liquid energy shots. After initial motion practice, the court allowed discovery related to the likelihood of confusion. Fact discovery in this case closed on September 30, 2014.

During expert discovery, Green Planet requested sealed documents from a similar case (*Innovation Ventures LLC v. NVE, Inc.* No. 08-cv-11867) pertaining to another liquid energy shot, "6 Hour Power." IIPH refused to produce the documents, claiming that they contained confidential information of non-party to this action NVE.

The court conducted a telephone conference during which IIPH agreed to seek permission from NVE to produce the documents under the appropriate confidentiality provisions. In response, NVE consented to the release of a portion of the documents sought. IIPH then changed course and objected to the production on the grounds of burdensomeness, timeliness, and relevance. These objections precipitated the instant motion.

## II. DISCUSSION

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if the requested discovery is relevant, the court, on motion or of its own accord, must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### A. The request was not untimely

IIPH makes much of the close of fact discovery in this case. However, that occurred on September 30, 2014, which was *before* many of the documents were even filed. Furthermore, the requests stemmed from an expert report disclosed during expert discovery, after the conclusion of fact discovery. IIPH's timeliness objection is rejected.

### B. The documents are relevant

IIPH also argues that the various requested documents are not relevant. According to IIPH, "a great deal of the summary judgment briefing was devoted to"

secondary meaning or likelihood of confusion factors not at issue in this case. This argument is unpersuasive. Likelihood of confusion is the central issue in this case, and IIPH claims that issue is further narrowed to strength of mark. IIPH does not deny that the briefing contains arguments related to that factor. Instead, it states that it "has already given Green Planet all the evidence it will rely on. . . ." However, that is not the standard for relevance. If, as IIPH seems to concede. the summary judgment briefing contains arguments on this factor, they are plainly relevant and must be produced.

The motions in limine are also relevant. The fact that an instance of actual confusion in the NVE case does not directly translate to this case does not preclude a finding of probative value. Additionally, the arguments regarding preclusion need not have been decided to be relevant to this case. Furthermore, potential impeachment evidence is relevant for its own sake, even if the focus of the reports differ in some respects. The motions in limine must be produced.

### C. Discovery of the requested materials is not burdensome and Plaintiff would suffer no prejudice from the production of the documents

IIPH's does not press its objection that production would be burdensome. Production of these discrete documents that have previously been identified and analyzed will be of minimal burden to IIPH. The only argument regarding prejudice raised by IIPH is that disclosure of some documents but not others, specifically documents where NVE refused consent, is speculative. If IIPH finds that gaps in the production paint an incomplete picture, it may seek relief in the NVE action to seek release of such additional documents as it deems necessary to correct the deficiency. Otherwise, the court finds no prejudice.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion to compel (Dkt. # 60) is GRANTED.  Plaintiff International IP Holdings, LLC is ORDERED to produce the documents identified in Plaintiff's subpoena within **seven days** of the date of this order.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 15, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522