# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **INTERNATIONAL IP HOLDINGS, LLC,** a Michigan limited liability company, and **INNOVATION VENTURES, LLC,** a Michigan limited liability company, *Plaintiffs,* v. **GREEN PLANET, INC.,** a California corporation, *Defendant.* | Case No. 2:13-cv-13988-RHC-PJK  HON. ROBERT H. CLELAND  Mag. Judge Paul J. Komives |

# REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE THE DECLARATION OF ROBERT J. LAUSON (DKT. #68)



Mr. Lauson's declaration (the "Declaration") goes far beyond the very limited traditional purpose of attorney declarations. Defendant claims that the Declaration serves to provide both facts (Dkt. #78 at 3, 4, 6, 9) and lay opinion testimony (Dkt. #78 at 1, 15, 19)[1]. This is for fact witnesses—not lawyers. Notwithstanding, the Declaration fails to establish the basis of the "witness's perception" or the "personal knowledge" required by Fed. R. Evid. 701 and Fed. R. Civ. P. 56. At best, the Declaration's examples of third-party products and unsupported conclusions regarding the energy shot market merely highlight the unresolved material issues of fact pervading the likelihood of confusion analysis.[2] Rather than provide support, the Declaration undermines Defendant's Motion for Summary Adjudication (Dkt. #66).

Furthermore, Mr. Lauson cannot serve as a fact witness or a lay opinion witness in this case. Defendant does not contest that it never named him on its Witness List and Plaintiffs were never afforded the opportunity to depose or cross-examine Mr. Lauson. Therefore, his Declaration should be excluded.

---

[1] As stated in Defendant's response brief, Mr. Lauson's declaration "is not proper expert opinion testimony" and "was never intended as such." (Dkt. #78 at 20.)

[2] It is interesting to note that Defendant needed an *extra* 20 pages on its summary judgment reply brief to attempt to explain why there are no issues of material fact.



1

If the Court does allow Mr. Lauson to serve as a witness for Defendant, he must be disqualified as counsel for Defendant pursuant to Rule 3.7 of the ABA Model Rules of Professional Conduct and the corresponding Rule 3.7 of the Michigan Rules of Professional Conduct.

### A. Defendant fundamentally misunderstands the role of an attorney declaration

While an attorney's declaration or affidavit can be a proper means for the limited purpose of introducing evidence such as deposition testimony and documents supporting a motion, the Lauson Declaration goes much further. *Degelman Indus., Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, 2011 WL 6754053, at *3 (W.D.N.Y. May 31, 2011). If a declaration improperly includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, it may be stricken at the court's discretion. *Id.*

As outlined in Plaintiffs' motion, the Lauson Declaration is rife with attorney argument, conclusory legal assertions, and unsupported statements clearly not based on Mr. Lauson's personal knowledge. This is not a proper use of any declaration, least of all an attorney's declaration. *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a bona fide affidavit"); *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.*, 2005 WL 3370542, *3 (S.D.N.Y. Dec.12, 2005) (granting motion to strike attorney



2

affidavit because "[a]n attorney's affidavit is typically used to present documents to the court and should not be used as counsel's personal vehicle to lobby the court").

### B. The Declaration is inadmissible and merely highlights that there are significant issues of material fact for the jury to resolve

The third-party products to which Mr. Lauson refers are subject to pending jury trials regarding their infringement, contain no fading colors, are not energy shots, are no longer manufactured, or have changed their confusingly similar names. Dkt. #74 at pp. 7-9. Defendant offers no analysis of how these examples make it less probable that Defendant infringed Plaintiffs' marks (FRE 401) or would be helpful, rather than confusing, to a jury deciding the strength of Plaintiffs' marks and a likelihood of confusion (FRE 403). Though inadmissible, the Declaration highlights the existence of fact issues which preclude summary judgment.

Moreover, the Declaration is also inadmissible because it lacks the "personal knowledge" requirement of Rule 56. An attorney's affidavit or declaration not based on personal knowledge carries no weight. *Omnipoint Communs., Inc. v. Common Council of Peekskill,* 202 F.Supp.2d 210, 213 (S.D.N.Y.2002); Fed. R. Civ. P. 56(c)(4). When an affidavit does not comply with the requirements of Rule 56, the offending portions should be disregarded by the court. *Wahad v.*



3

*FBI,* 179 F.R.D. 429, 435 (S.D.N.Y.1998) (citing *United States v. Alessi,* 599 F.2d 513, 514–15 (2d Cir.1979)); *Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 974 (C.D. Cal. 2006) ("For example, declarations by attorneys are only sufficient if the facts stated are matters of which the attorney has personal knowledge such as matters connected with the course of the lawsuit.").

The Lauson Declaration contains legal conclusions (see ¶5, "Plaintiffs' 'color fade' trade dress. . . is weak and likely invalid"), attorney argument (see ¶8, "Plaintiffs engage in 'trademark bullying' in an unfair effort to monopolize the energy shot business"), and unsupported statements of "fact" (see ¶3, "[n]early all of the energy shots were in small, cylindrical plastic bottles with cylindrical tops, and with colorful and bright color schemes, similar to 5-hour ENERGY® products."). Mr. Lauson does not provide the basis for his "personal knowledge" for any of these improper statements, other than his self-serving statement that "I have personal knowledge of the facts as stated herein." Dkt. #68 at ¶1. It is well settled that such statements alone are not sufficient to establish personal knowledge and competency. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Instead, there must be a foundation to establish *how* Mr. Lauson has personal knowledge of the matters set forth in his Declaration. *Express, LLC v. Fetish Group, Inc.*, 464 F.Supp.2d 965, 977 (C.D. Cal. 2006). Defendant has offered no such foundation.



4

The Declaration also fails under Fed. R. Evid. 701, which requires that lay opinion testimony be "rationally based on the witness's perception." Many of the statements in the Declaration are based on information that was given to Mr. Lauson rather than information he perceived himself. For example, the proffered basis for Mr. Lauson's opinion that Plaintiffs engaged in "trademark bullying" is two internet articles. Dkt. #68 at ¶8. These articles are not the product of Mr. Lauson's perception and therefore cannot form the basis for any lay opinion testimony. *United States v. Olender*, 338 F.3d 629, 637-38 (6th Cir. 2003) (Lay witness properly excluded because proffered testimony was not based on firsthand knowledge or observation of events testified to.); *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525-26 (6th Cir. 2004) (District Court erroneously admitted testimony since witness lacked first-hand knowledge.).

## C. Defendant never disclosed Mr. Lauson as a witness

Defendant does not contest, nor even attempt to address, its failure to name Mr. Lauson as a witness on its Witness List.[3] Additionally, Defendant never supplemented its witness list by stipulation, nor did Defendant ever move the Court to supplement its witness list.

---

[3] The deadline for final witness lists was August 25, 2014. Dkt. #40 at p. 2. The Scheduling Order also states that if "[i]n the event that a party desires to supplement the list with additional witnesses, the party may do so by stipulation or, if a stipulation is not forthcoming, with a motion supported by a showing of good cause." Dkt. #40 at p. 3.



5

Under Fed. R. Civ. P. 37(c)(1) "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." Since Mr. Lauson was never disclosed as a witness, and discovery is now closed, Plaintiffs were deprived of the opportunity to depose Mr. Lauson in order to challenge his unsubstantiated opinions and assertions. For this reason alone, the Lauson Declaration should be excluded. *Henry v. Quicken Loans, Inc.*, 2008 WL 4735228 at *5 (E.D. Mich. 2008) (Six fact witness declarations submitted in support of Summary Judgment motion stricken because witnesses were not disclosed on witness list during discovery, thus depriving opposing party of opportunity to depose witnesses.).

**D.    If Mr. Lauson serves as a witness, he cannot also serve as counsel for Defendant**

It is impermissible under the ABA's Model Code of Professional Conduct Rule 3.7(a) (Ex. A) as well the Michigan Rule of Professional Conduct 3.7(a) (Ex. B) for a lawyer to "act as advocate at a trial in which the lawyer is likely to be a necessary witness [except where/unless]": (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." None of these exceptions apply here.



6

In his Declaration, Mr. Lauson states: "If called to testify, I would and could competently testify thereto." Dkt. #68 at ¶1.  Mr. Lauson's Declaration is frequently cited in Defendant's Summary Judgment motion.  If the Court decides not to strike the Lauson Declaration, Mr. Lauson will be a witness in this case.  If that happens, Mr. Lauson must be disqualified as counsel.  *General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 715 (6th Cir. 1982) (Upholding district court decision to disqualify attorney who was essential witness.).

## II.   CONCLUSION

The Lauson Declaration should be excluded. If the Court decides to admit any or all of the Lauson Declaration, Plaintiffs request that Mr. Lauson be disqualified as trial counsel for Defendant.

                                               Respectfully submitted,

                                               **BROOKS KUSHMAN P.C.**

Dated:  July 9, 2015

                                               /s/ Mark A. Cantor
                                             Mark A. Cantor (P32661)
                                             Marc Lorelli (P63156)
                                             1000 Town Center, Twenty-Second Floor
                                             Southfield, Michigan 48075
                                             Tel:  (248) 358-4400 / Fax:  (248) 358-3351
                                             Email:  mcantor@brookskushman.com
                                                      mlorelli@brookskushman.com

                                             *Attorneys for Plaintiffs*



## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on <u>July 9, 2015</u>, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE LAUSON DECLARATION (DKT. #68)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: _____.

                              **BROOKS KUSHMAN P.C.**

                              /s/ Mark A. Cantor
                              Mark A. Cantor (P32661)
                              Marc Lorelli (P63156)
                              1000 Town Center, Twenty-Second Floor
                              Southfield, Michigan 48075
                              Tel: (248) 358-4400 / Fax: (248) 358-3351
                              Email: mcantor@brookskushman.com
                                           mlorelli@brookskushman.com

                              *Attorneys for Plaintiffs*

