**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INTERNATIONAL IP HOLDINGS, LLC and
INNOVATION VENTURES, LLC

    Plaintiffs,

v.                                    Case No. 13-13988

GREEN PLANET, INC.

    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND
SETTING SCHEDULING CONFERENCE BY TELEPHONE**

Plaintiffs filed the instant "Motion for Leave to File An Amended Complaint," seeking to add claims for false advertising under 15 U.S.C. § 1125(a) of the Lanham Act and MCL 445.903 of the Michigan Consumer Protection Act. (Dkt. # 89.) Defendant opposed that motion, (Dkt. # 91), and Plaintiffs filed a reply, (Dkt. # 94). After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). The hearing on this motion currently scheduled for August 31, 2016, is hereby converted into a telephonic scheduling conference.

For the reasons stated below, the court grants Plaintiffs' Motion for Leave to File An Amended Complaint and closes the period during which Plaintiffs may amend their complaint.

Leave to amend is "freely given when justice so requires." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Denial may be appropriate, however, where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (citation omitted). Plaintiffs point out, among other things, that this would be their first time amending the complaint, that discovery had been stayed on all issues other than the "likelihood of confusion" question pending the outcome of Defendant's now-granted motion for summary judgment, and that Plaintiffs had provided Defendant with notice of their intent to pursue the new claims on which their motion is based. (Dkt. # 89.)

Defendant argues that Plaintiffs knew or should have known that they planned to pursue the new claims at the time that they filed the complaint on September 17, 2013, and therefore unreasonably delayed in failing to seek leave to amend sooner. (Dkt. # 91.) Defendant contends that this delay continued without any notice regarding Plaintiffs' true intention to pursue the false advertising claims and that this delay both reflects a lack of diligence by Plaintiffs and imposes prejudice upon Defendant, who must now prepare to defend against novel claims at a relatively late stage in the litigation. *Id.* Defendant does not argue that Plaintiffs' proposed amendments would be futile. *See id.*

The record does not support Defendant's assertions that it lacked notice as to Plaintiffs' intention to pursue false advertising claims.  Setting aside Plaintiffs' argument that the complaint itself provided notice by innuendo in virtue of its reference to "deceptive methods" and a request for a remedy for "falsely advertising the efficacy of

[Defendant's] products," (Dkt. # 89), Plaintiffs explicitly outlined their intention to pursue false advertising claims following resolution of Defendant's motion for summary judgment during a telephonic status conference held on August 4, 2014, (Dkt. # 50). Since Defendant had notice of Plaintiffs' intention to pursue these claims for at least a year, it is not sustainable to argue that Plaintiffs are acting in bad faith, or that amendment to add these claims would be unduly prejudicial. Moreover, the fact that the suit had been stayed on all issues other than the question of "likelihood of confusion" suggests that Plaintiffs did not unduly delay their amendment to add new claims, as progress on those claims during the pendency of the stay would have been impossible regardless.

Perhaps recognizing that "'prejudice' ... means more than the inconvenience of having to defend against a claim[,]" *Cutsinger v. Humphrey*, No. 15-cv-10746, 2015 WL 6750786 at *2 (E.D. Mich. Nov. 5, 2015), Defendant argues that it is prejudiced by the addition of any new claims because it is prevented from selling its product during the pendency of the suit. (Dkt. # 92.) The court recognizes that defending against a suit is necessarily burdensome and has expressed a concern about established brands using the threat of expensive litigation to bully newcomers out of the market. (Dkt. # 87.) However, as Plaintiffs point out, discovery has not begun, no trial date has been set, and no scheduling order is in place with respect to the surviving claim.[1] (Dkt. # 94.) Nor has the court established a deadline for amendments to the complaint. Even if the court did not grant leave to amend the complaint, litigation would continue on the copyright

---

[1]Count III, Plaintiffs' copyright claim, was not the subject of Defendant's motion for summary judgment and therefore survives.

claim. Defendant has not explained how the addition of Plaintiffs' new claims would meaningfully increase the time necessary to conduct this discovery.

Because Defendant has not identified any "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," *Foman*, 371 U.S. at 182, Plaintiffs' motion is granted.

Additional amendments, however, adding yet other new claims would needlessly extend the time period necessary to resolve this suit, so the court also now closes the period during which Plaintiffs may amend their complaint.

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Leave to File An Amended Complaint, (Dkt. # 89), is GRANTED.

IT IS FURTHER ORDERED that a telephonic scheduling conference is set for August 31, 2016 at 2:00 P.M. before District Judge Robert H. Cleland; the court will initiate the call.

                                s/Robert H. Cleland
                                ROBERT H. CLELAND
                                UNITED STATES DISTRICT JUDGE

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2016, by electronic and/or ordinary mail.

                                s/Lisa Wagner
                                Case Manager and Deputy Clerk
                                (313) 234-5522