# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INTERNATIONAL IP HOLDINGS, LLC and
INNOVATION VENTURES, LLC

        Plaintiffs,

                                    Case No. 13-13988

v.

GREEN PLANET, INC.

        Defendant.

                                         /

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Pending before the court is Defendant Green Planet, Inc.'s ("Green Planet")

Motion to Compel Discovery demanded of Plaintiffs. (Dkt. #106.) Plaintiffs have filed a

joint response to the motion, (Dkt. #107), and Defendant has filed a reply, (Dkt. #108).

After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D.

Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant in part and deny in

part Defendant's motion.

## I. BACKGROUND

The underlying facts of this case have been discussed at length in this court's

prior orders, (Dkts. ##87, 89), familiarity with which is presumed. What remains of this

case are claims for copyright infringement and false advertising under the Lahnam Act

in connection with Defendant's product labeling of an energy drink. In part, Plaintiffs

allege that Defendant's advertising claims regarding the duration of their product are

unsubstantiated. Defendant here requests that Plaintiffs provide "proper discovery

responses to the third set of interrogatories nos. 15-20 and fourth set of production

requests nos. 3, 22-25, 27, [29,][1] 30, 32-41, 43, and 44." (Dkt. #106, Pg. ID 2691.) Fact

discovery is set to expire on January 31, 2017. (Dkt. #98.)

Defendant argues that Plaintiffs' responses to these requests have consisted of

little more then boilerplate recitations of vague objections without explanation. Green

Planet points out that Plaintiffs' interrogatory responses were not verified. It claims to

have conferred with Plaintiffs via email over the dispute before filing the instant motion.

Defendant argues that the interrogatory requests merely ask for presumptively

discoverable information related to previous suits and settlements, Plaintiffs' theory on

damages, and any ingredient lists or efficacy test results for Plaintiffs' own similar

product. It advances a similar argument as to the production requests, which call for

documents identifying the author of the copyrighted work at issue, documents pertaining

to effectiveness tests or studies for Plaintiffs' or any similar products, word searches

regarding the same within Plaintiffs' emails, ingredient or formula lists for Plaintiffs'

product, prior related disputes, and studies on the half life of caffeine.

In response, Plaintiffs argue that Defendant's motion should be denied outright

because Green Planet failed to comply with Eastern District of Michigan Local Rule 7.1,

which requires that the parties confer before filing a motion, as Green Planet's

"attorneys never requested to meet and confer prior to filing its motion." (Dkt. #107, Pg.

ID 2830.) Plaintiffs generally respond that the requested information is not discoverable

because it is not relevant, that Defendants should be able to obtain it on their own

---

[1]Production Request No. 29 is addressed elsewhere in the briefings as if it were
the subject of this motion, so the court has included it for the sake of clarity.

because it is publically available, that no such documents exist, and that the proposed email searches are not limited by custodian or time frame as generally required and thus unduly burdensome. They also contend that, had the parties conferred, the issue of the unverified interrogatories would have been resolved without recourse to the court.

Defendant replies that lawsuits and settlements of similar cases are naturally relevant to determine, among other things, whether Plaintiffs are likely to seek statutory damages, and in any case are more efficiently marshaled by Plaintiffs, who litigated the cases. It also argues that damages contentions are discoverable regardless of Plaintiffs' description of their likely damages strategy within emails between counsel. It insists that requests for studies as to the duration of caffeine and related energy products are relevant to Plaintiffs' claims that Green Planet's statements about duration are inaccurate. Defendant contends that its request for false advertising suits against Plaintiffs is relevant as to whether Plaintiffs have unclean hands. It also claims that the document search should be ordered because Plaintiffs have not demonstrated that there is any real burden in complying with the request. Notably, Green Planet also indicates that requests for production 29, 30, 32, and 33 are all either withdrawn or have since been satisfied.

## II. STANDARD

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is evidence that "has any tendency to make a fact more or

3

less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). "However, district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A respondent has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Where a party fails to respond to these requests properly, Federal Rule 37 allows the requesting party to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). "If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust." *Jessica Frye, v. CSX Transportation, Inc., et al.*, No. 14-11996, 2016 WL 2758268, at *1 (E.D. Mich. May 12, 2016) (citing Fed. R. Civ. P. 37(a)(5)(A)).

### III. DISCUSSION

#### A. Meet and Confer

As an initial matter, Plaintiffs contend that Defendant's motion should be denied for their failure to comply with the requirement that the parties meet and confer prior to filing. Specifically, the rule requires "a conference between the attorneys . . . in which

4

the movant explained the nature of the motion and its legal basis and requested but did

not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a)(2)(A). This generally

contemplates some kind of face-to-face or telephonic meeting. In describing a similar

local rule, the court in *Loparex, LLC v. MPI Release Technologies, LLC*, explained:

> [T]he local rule contemplates an actual meeting with a date, time, and
> place—whether by telephone, videoconference, or (if counsel's location
> permits) preferably face-to-face. An old-fashioned chat over coffee might
> prove especially productive. Real-time interaction often provides the best
> forum for hashing out disputes, whereas a faceless exchange of carefully
> worded and often pointed emails usually solves little except perhaps
> providing a false moment of triumph to the person pressing the "send"
> button.

No. 09-1411, 2011 WL 1871167 (S.D. Ind. May 16, 2011). However, the court's

application of the rule is not so intensely rigid as to erect "an insurmountable obstacle to

obtaining relief by motion[.]" *Shehee v. Saginaw Cty.*, No. 13-13761, 2014 WL

12604850, at *1 (E.D. Mich. Nov. 19, 2014). In certain cases, the movant may "explain

the efforts made to confer with the opponent, but those efforts must be 'reasonable,'

and the explanation must be complete. . . . In other words, the Court requires

meaningful, good faith compliance with the rule." *Id.*

Here, Defendant contends that the parties "met and conferred on these issues

via email but were unable to reach a resolution." (Dkt. #106, Pg. ID 2691.) It does not

provide any addition explanation for the apparent shortcoming. The emails exchanged

by counsel are detailed and address each request at issue, organized by subject matter

with a back-and-forth from both sides. (Dkt. #106-10, Pg. ID 2777-2781.) Though this

falls somewhat short of what the court generally prefers, it is evident that the parties

have engaged in a meaningful dialogue in an attempt to resolve these questions.

5

Defendant has not failed to comply with Local Rule 7.1. However, this does not end the inquiry.

Though Plaintiffs do not raise this argument in their briefs, Federal Rule of Civil Procedure 37 states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 37(a). No such formal certification appears on Defendant's motion. Defendant has attached an affidavit, though, signed by counsel and describing the communications between the parties evidencing their efforts to reach a resolution on these discovery issues.

The emails exchanged between the parties indicate that Defendant asked Plaintiffs to "[l]et [them] know this week if you're willing to reconsider and provide discovery responsive to these requests. If not, we will file a motion to compel." (Dkt. #106-10, Pg. ID 2781.) Later, Defendant asked, "when will we be hearing from you re other discovery issues?" (*Id.*, Pg. ID 2780.) The court concludes that this is sufficient under the circumstances to meet the requirements of Federal Rule 37. *See Yeager v. Fort Knox Sec. Produts, Inc.*, No. 11-00091, 2013 WL 1786347, at *2 (D. Utah Apr. 25, 2013) (excusing failure to include certification in part because "Defendant specifically references its attempt to meet and confer during the course of the deposition and attaches a transcript of that conversation to its pending motion."). However, in light of this technical failure, and the fact that the final included email indicates that Plaintiffs asked Defendant to "let [them] know if [Defendant has] any further questions or would like to discuss any of the items," (Dkt. #106-10, Pg. ID 2777), neither will the court reward Plaintiff with attorneys' fees for its qualified success on this motion.

6

## B. Interrogatory Request No. 15

Interrogatory Request No. 15 calls for the identification and brief description of any disputes where Plaintiffs alleged copyright infringement. Plaintiffs' argument that this is not discoverable is unconvincing. Such discovery requests are routine in the course of litigation, and Plaintiffs are clearly in the best position to identify such suits. Plaintiffs claim that Defendant lacks any basis for the position that Plaintifffs had not identified all disputes in their prior answer, then in the next sentence admit to having identified two additional disputes following a "double-check." (Dkt. #107, Pg. ID 2836.) Plaintiffs are correct, however, that settlement agreements are not the proper subject of a Federal Rule 33 Interrogatory Request and would have better been requested under Federal Rule 34. Thus, this court will order Plaintiffs to issue a verified interrogatory response to this request.

## C. Interrogatory Request Nos. 16 and 17

Plaintiff's appear to concede that these are valid requests and that they have still failed to serve verified responses. It is well established that "[t]he person who makes the answers [to interrogatory requests] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Throughout their brief Plaintiffs contend that their plan to serve verified responses at the conclusion of discovery along with an email from counsel regarding their contentions satisfies this requirement, but that is an unsupportable proposition. *See Ahmed v. L & W Eng'g Co.*, No. 08-13358, 2009 WL 2143827, at *2 n.2 (E.D. Mich. July 15, 2009) ("Plaintiff served unsigned answers to the interrogatories and response to the request for production on January 12, 2009. Plaintiff served *untimely* signed answers to the interrogatories [on] April 29, 2009.") (emphasis

7

added). Though it appears that, at the very least, counsel for Plaintiff has signed these materials, the court will not bless a litigation strategy whereby the answering party avoids being deposed because signed copies are served at the last possible moment. Addressing a similar set of circumstances, the Magistrate Judge in *Villareal v. El Chile, Inc.*, explained:

> Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses. An attorney's communication, email or otherwise, does not do that, even assuming, *arguendo*, that the attorney's statements provide information responsive to the interrogatory.

266 F.R.D. 207, 211 (N.D. Ill. 2010) (citation omitted). The court will order Plaintiffs to serve verified, complete answers to these requests as well. The answers shall be due forthwith upon entry of this order.

## C. Interrogatory Request Nos. 18 and 19

These two requests together call for a description of the "precise formula" of Plaintiffs' energy drink product along with studies as to its durational effects. Plaintiff alleges that these items are not discoverable, because they are not relevant to the question of Green Planet's copyright liability or the duration of Green Planet's own energy product. However, should the formula description show Plaintiffs' product to be chemically identical to Defendants', or nearly so, and should the durational studies show that such a nearly identical product has a duration somewhat close to that claimed by Defendant as to its own product–or indeed if it showed a duration far below those claims–the materials would be relevant and material. The court is cognizant of the concerns over providing sensitive information such as this to a competitor, but a two-tiered protective order has long been in place. (Dkt. #37.) The court will therefore also

8

order Plaintiffs to supply verified responses to these requests as well. The answers shall be due forthwith upon entry of this order.

### D. Interrogatory Request No. 20

Plaintiffs resist answering this request, which calls for them to identify suits brought against them by state attorneys in the past five years, on the basis that the information is publically available and not relevant because Defendants have not adequately alleged a nexus in their "unclean hands" defense between these suits and the conduct alleged in the instant case. Plaintiffs must misapprehend the scope of discovery. Defendants are not limited to only those items that their pleadings directly call for. The Federal Rules of Civil Procedure assume a liberal policy of amendment to pleadings under Federal Rule 15, such that it is common for parties to amend their pleadings in light of materials obtained only through discovery. The state suits in this request appear to be broadly relevant to Defendant's theory of unclean hands, and no suggestion has been made that the request will be unduly burdensome. Plaintiffs have even apparently collected the information and included a version of it in their brief here. Thus, the court will also require a verified and complete answer to this interrogatory request. The answer shall be due forthwith upon entry of this order.

### E.  Document Request No. 3

Plaintiffs do not dispute the discoverability of the subject of this request calling for documents identifying the individual who created the caution label language at issue in the copyright claim. Instead they allege that they are not aware of any responsive document. If this is the case, then the question is simply resolved by responding

9

truthfully to the request with that precise explanation following a reasonable search. Such an answer shall be due forthwith upon entry of this order.

The court will not, however, order the production of documents which, following a reasonable search, are revealed as not in the possession, custody, or control of the answering party. The court declines to order the production of additional documents under this request, conditioned upon the answer contemplated in the first paragraph above.

### F. Document Request Nos. 22-24

These requests call for studies regarding durational effects, similar to Interrogatory Request No. 19 discussed above. The court will order the production of documents responsive to this request for the same reasons. The answers shall be due forthwith upon entry of this order.

### G. Document Request Nos. 25 and 27

Plaintiffs argue that these requests, which call for searches throughout Plaintiffs' company for emails containing the word "duration" within ten words of "5 HOUR ENERGY" or "energy shot," are overly burdensome because they are not limited by custodian or time frame. This court previously entered an order governing discovery which stated, in part, that "a party from whom [emails have] been requested shall not be required to search" for responsive emails "from more than ten (10) key custodians[ ]" or for materials that were "created more than five (5) years before the filing of the lawsuit," except related to "Plaintiffs' trademarks and trade dress." (Dkt. #20, Pg. ID 253.) These materials are clearly not related to trademarks and trade dress but instead to the question of durational effects. Thus, they should have been limited by custodian and

10

timeframe but were not. The court will not order the production of materials responsive to these overbroad requests.

### H. Document Request Nos. 29, 30, 32, and 33

Defendant states in its reply that document requests 29, 30, 32, and 33 have all been either withdrawn or satisfied. Thus, the court deems the motion moot with respect to these requests and will deny it on this basis.

### I. Document Request Nos. 34-41

Plaintiffs argue that these requests, which they characterize as calling for "identification of lawsuits and disputes regarding claims of false advertising, broadly" and "the current status of any lawsuits with the state attorneys general or the FTC" are not relevant. As discussed above, these items are relevant and routinely available in civil discovery. Thus the court will order the production of materials responsive to these requests. The production shall be due forthwith upon entry of this order.

### J. Document Request No. 43

Plaintiffs argue that this request, which calls for the production of items related to the half-life of caffeine, should not be required because it is irrelevant. As discussed above, studies related to the durational effects of constituent ingredients of the product at issue are centrally relevant to the false advertising claims in this case.

However, Plaintiffs claim to have conducted a reasonable search and not located any responsive documents. Just as with Document Request No. 3 above, the court will not order additional materials to be produced in response to this request. Should any

11

such items become available to Plaintiffs, they must be produced in accordance with their ongoing discovery obligations. *See* Fed. R. Civ. P. 26(e).

### K. Document Request No. 44

Like Document Request Nos. 25 and 27 discussed above, this calls for a search of emails without a specific limitation on custodian or time frame. For the same reasons, the court will not compel production responsive to this request.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Compel Discovery from Plaintiffs (Dkt. #106) is GRANTED with respect to Third Set of Interrogatory Requests Nos. 15-20 and Fourth Set of Production Requests Nos. 22-24 and 34-41.

IT IS FURTHER ORDERED that Defendant's Motion to Compel Discovery from Plaintiffs (Dkt. #106) is DENIED with respect to Fourth Set of Production Requests Nos. 3, 25, 27, 29, 30, 32, 33, 43, and 44.


　s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 23, 2017, by electronic and/or ordinary mail.

　s/Lisa Wagner
Case Manager and Deputy Clerk
`                                        (313) 234-5522